# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TERRI L. ANDREWS ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:05-0033 |
| ) | Judge Nixon / Knowles |
| JO ANNE B. BARNHART, Commissioner ) | |
| Of Social Security ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

This is a civil action filed pursuant to 42 U.S.C. § 405(g) and 1383(c)(3) to obtain judicial review of the Commissioner of Social Security's ("the Commissioner") finding that Plaintiff, Terri L. Andrews, ("Andrews") was not disabled and denying Plaintiff Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under the Social Security Act ("the Act") as amended. For the reasons stated below, this Court ADOPTS Magistrate Judge Knowles' recommendation that Plaintiff's motion be DENIED and that the decision of the Commissioner be AFFIRMED.

### I.

On November 18, 2004, the Social Security Administration Appeals Council denied Plaintiff's request for further review of the Administrative Law Judge's ("the ALJ") decision, thereby rendering the ALJ's decision the final decision of the Commissioner. (Tr. 4). Plaintiff is a 44-year-old woman with a high school education. She filed her application for SSI on April 18, 2002, and for DIB on May 8, 2002.

Plaintiff alleged that she has been disabled since 1989, with symptoms including obsessive-compulsive disorder and panic disorder. (Tr. 48). She also alleged numbness

and weakness in her right arm (Tr. 87). Plaintiff's applications were denied twice, and she then requested and received a hearing. The hearing took place on October 3, 2003, and was conducted by ALJ Mack H. Cherry. (Tr. 43-84). On March 24, 2004, the ALJ issued an unfavorable decision regarding this case (Tr. 24-34) and on May 4, 2004, Plaintiff requested a review of the hearing decision. On November 18 , 2004, the Appeals Council declined to further review the case and this rendered the ALJ's decision final.

Plaintiff began treatment for depression under the care of Dr. S. Castellani ("Dr. Castellani") in August, 1989. At that time she reported depression and disturbing fantasies, but the doctor ruled out post-traumatic stress disorder and psychotic disorder. (Tr. 174). Dr. Castellani recommended that she receive treatment over a period of years for her depression. (Tr. 177). Later, she also saw Dr. William E. Hardin ("Dr. Hardin") for pain in her head and facial muscles, as well as tingling in her left arm and left leg. (Tr. 205). In March 1996 Dr. Hardin prescribed her with Prozac and suggested talk therapy. (Tr. 209). In January, 2007, he again treated Plaintiff for depression, noting that she had been hospitalized for an overdose of Xanax and that she had a seizure four days after using the Xanax. In addition to noting her depression he also diagnosed her with alcohol abuse, and continued to treat her for similar symptoms until 2001.

On November 14, 2001, Plaintiff was seen by Dr. Cynthia Rector ("Dr. Rector"). Dr. Rector diagnosed her with obsessive-compulsive disorder, social phobia and major depression. (Tr. 33). She prescribed her with Prozac again. She continued to treat her through 2002, and noted that her depression had worsened. (Tr. 327). On October 29,

2

2002, Dr. Rector noted that Plaintiff continued to sleep "too much, had decreased energy, and OCD," and prescribed Zyprexa, in addition to the Effexor, Risperdal, Xanaz and Prozac (Tr. 297).

On March 24, 3003, Dr. Rector evaluated Plaintiff and her ability to work. She concluded that Plaintiff's ability to follow work rules, to relate to co-workers and to use judgment, and to function independently, were all good. However she also concluded that her ability to deal with the public and to deal with work stress was poor, and her ability to interact with supervisors and to maintain attention and concentration were fair. (Tr. 280). Also that day Ms. Hayes recorded Plaintiff's primary diagnosis as "panic disorder without agoraphobia," and her second diagnosis as "obsessive-compulsive disorder. (Tr. 281).

During the hearing before the ALJ, Plaintiff herself also testified. She stated that she left her most recent job in 2001 because she was having problems remembering and issues with her boss. (Tr. 52). She described herself as "unmotivated" to do housework and as not having the energy to function normally. (Tr. 55). She explained that every two weeks she drives from Portland to Nashville, approximately 150 miles in total, to pick up her daughter at private school. She does not have custody of her daughter. (Tr. 66). She also stated that in the past year she had driven to Florida for a trip with her sister. (Tr. 68).

## II.

The Court's review of the portions of the Report to which Plaintiff objects is de novo. 28 U.S.C. § 636(b). The Court's review is limited, however, to "a determination

3

of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence shall be conclusive." 42 U.S.C. § 405(g). Accordingly, an ALJ's decision, if adopted by the Commissioner, will be upheld if it is supported by substantial evidence. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence, as a term of art, is defined as "such evidence as a reasonable mind would accept as adequate to support the conclusion." Richardson v. Pereles, 402 U.S. 389, 401 (1979). It is "more than a mere scintilla of evidence, but less than a preponderance." Bell v. Comm'r, 105 F.3d 244, 245 (6th Cir. 1996) (citing Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

A finding of substantial evidence is of significance in an appeal of the Secretary's decision, as "[w]here substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." Her v. Comm'r, 203 F.3d 388, 389 (6th Cir. 1999); Crum v. Sullivan, 921 F.2d 642, 644 (1990) (citing Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)). Such a standard of review is consistent with the well-settled rule that the reviewing court in a Disability Hearing appeal is not to weigh the evidence or make credibility determinations, as such factual determinations are to be left to the ALJ and the Commissioner. Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993); Besaw v. Sec'y of Health and Human Servs., 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court, left to its own judgment, would have

4

come to a different factual conclusion as to the Plaintiff's claim on the merits, the Commissioner's findings must be affirmed if they are supported by substantial evidence. Hogg, 987 F.2d at 331.

### III.

Plaintiff's first objection is that the ALJ failed to give appropriate weight to the opinion of Dr. Rector, and instead relied on his own interpretation of the medical evidence when concluding that Plaintiff was not disabled. Plaintiff specifically cites the ALJ's decision to give "little weight" to Dr. Rector's assessment of Plaintiff's ability to deal with stress, based on Plaintiff's self-professed diagnosis of obsessive-compulsive disorder. Plaintiff states that the ALJ's conclusion has no basis in the record (Doc. No. 15-1 at 2). Further, Plaintiff suggests that since Dr. Rector treated Plaintiff for over a year, the ALJ should have given her opinion greater weight. (Id at 3).

As held by the Magistrate in this case, if the ALJ rejects the opinion of a treating source, he is required to articulate some basis for rejecting the opinion. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987). However, according to the regulations, the ALJ is not required to give controlling weight to a treating physician's evaluation when that evaluation is inconsistent with other substantial evidence. 20 C.F.R. § 416.927 (d)(2) and 20 C.F.R. § 404.1527 (d)(2).

In this case, certain portions of Dr. Rector's assessment were contradictory with other evidence. Specifically, the ALJ rejected her conclusion that on March 24, 2003, Plaintiff had a poor ability to deal with the public, to deal with work stress, and to behave in an emotionally stable manner, to relate predictably in social situations, and to

5

demonstrate reliability. The ALJ notes that these observations were inconsistent with both other evidence and with Dr. Rector's treatment notes.

Plaintiff suggests that there is not an adequate factual basis for discrediting Dr. Rector's conclusions. The Court concurs with the Magistrate and does not find this assertion to be accurate. Instead the Court finds that the ALJ appropriately accepted portions of the Assessment that were supported by other evidence and rejected portions that were not so supported. In finding that Dr. Rector's conclusion that Plaintiff had "poor/none" abilities to deal with certain work situations were unreliable, the ALJ compared these conclusions to other evidence and to Dr. Rectors's own notes, and found that they were unsupported. The Court therefore affirms the Commissioner's decision on this matter.

Plaintiff also claims that the ALJ discredited Plaintiff's own testimony when concluding that Plaintiff's credibility regarding her mental health symptoms was "poor" (Doc. No 1501 at 5). Plaintiff argues that the ALJ bases his conclusion on "evidence which is not in the file, or which is a gross misstatement and distortion of the evidence which does appear in the record." (Id.) The Court does not find this to be an accurate portrait of the ALJ's conclusions in this case regarding the credibility of Plaintiff's testimony.

In fact, the ALJ specifically cited Dr. Lee's account of Plaintiff's credibility, noting that Dr. Lee found her to be "greatly exaggerating her symptoms and feigning crying." (Tr. 32). The ALJ also points to various activities in which Plaintiff had participated recently, including a vacation with her sister, and the fact that she regularly

6

drives from Portland to Nashville to pick her daughter up from school, a significant trip that he concludes would require "good attention" (Tr. 32-33). He also cites the fact that she lost her job when her company moved to Mexico but has not looked for another since then. (Tr. 33), and that until she lost her job she was able to perform at this well-paying, skilled job.

As stated by the Magistrate, when the ALJ is weighing the entirety of the evidence he is entitled to weigh the objective medical evidence against Plaintiff's subjective claims of pain and reach a credibility determination. Kirk v. Sec'y of Health and Human Services, 667 F.2d 524, 538 (6th Cir. 1981). Further, the ALJ had the opportunity to observe Plaintiff's demeanor and therefore the ALJ's credibility determinations are given greater weight. Villarreal v. Sec'y of Health and Human Services, 818 F.2d 461, 463 (6th Cir. 1987). The ALJ must state the reason for discounting the testimony, (see Felisky v. Bowen, 35 F.3d 1027, 1036 (6th Cir. 1994)), but the Court finds that the ALJ met this burden in this case.

## IV.

For these reasons, this Court will follow Magistrate Judge Knowles' recommendation and AFFIRM the decision of the Commissioner.

It is so ORDERED,

Entered this the 15 day of May, 2007

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

7